```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF TENNESSEE
 2                             GREENEVILLE

 3
     UNITED STATES OF AMERICA,   .  DOCKET NO. CR-2-14-46
 4                               .
             GOVERNMENT,         .
 5                               .
                 VS.             .  GREENEVILLE, TN
 6                               .  JUNE 1, 2015
     MAXWELL SUERO,              .  9:30 A.M.
 7                               .
             DEFENDANT.          .
 8                               .
     .  .  .  .  .  .  .  .  .   .
 9

10

11                     TRANSCRIPT OF PROCEEDINGS
                   BEFORE THE HONORABLE J. RONNIE GREER
12                    UNITED STATES DISTRICT JUDGE

13

14   APPEARANCES:

15   FOR THE GOVERNMENT:      U.S. DEPARTMENT OF JUSTICE
                              OFFICE OF U.S. ATTORNEY
16                            J. GREGORY BOWMAN, AUSA
                              220 WEST DEPOT STREET, SUITE 423
17                            GREENEVILLE, TN 37743

18   FOR THE DEFENDANT:       WAYNE R. STAMBAUGH,
                              ATTORNEY AT LAW
19                            P.O. BOX 1896
                              MORRISTOWN, TN 37816
20

21

22   COURT REPORTER:          KAREN J. BRADLEY
                              RPR-RMR
23                            U.S. COURTHOUSE
                              220 WEST DEPOT STREET
24                            GREENEVILLE, TN 37743

25   PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
     PRODUCED BY COMPUTER.
```

1    (CALL TO ORDER OF THE COURT AT 9:30 A.M.)

2         THE COURT:  ALL RIGHT.  MS. HOPSON, WOULD YOU

3    CALL THE NEXT CASE, PLEASE.

4         THE CLERK:  USA VERSUS MAXWELL SUERO, CASE

5    NUMBER CR-2-14-46.

6    (DEFENDANT SWORN)

7    EXAMINATION

8    BY THE COURT:

9    Q.    GOOD MORNING, MR. SUERO.

10   A.    GOOD MORNING.

11        THE COURT:  MR. STAMBAUGH.

12        MR. STAMBAUGH:  GOOD MORNING.

13   Q.    MR. SUERO, THE FEDERAL GRAND JURY HAS RETURNED A 10

14   COUNT INDICTMENT IN THIS CASE.  IT APPEARS THAT YOU HAVE

15   ENTERED INTO A PLEA AGREEMENT IN THE CASE AND THAT -- AND

16   I UNDERSTAND THAT PURSUANT TO THAT PLEA AGREEMENT YOU WISH

17   TO CHANGE YOUR PLEA TODAY TO A PLEA OF GUILTY AS TO A

18   LESSER INCLUDED OFFENSE CHARGED IN COUNT 1 OF THIS

19   INDICTMENT, THAT IS A CONSPIRACY TO DISTRIBUTE 28 GRAMS OR

20   MORE OF COCAINE BASE OR CRACK COCAINE; IS THAT CORRECT?

21   A.    YES.

22   Q.    ALL RIGHT, SIR.  BEFORE I CAN ACCEPT THAT GUILTY

23   PLEA, THERE ARE A NUMBER OF QUESTIONS I NEED TO ASK YOU TO

24   ASSURE THAT THE PLEA IS A VALID ONE.  IF YOU DO NOT UNDER-

25   STAND ANY QUESTION, PLEASE ASK ME TO EXPLAIN IT TO YOU,

1    AND YOU MAY CONFER WITH YOUR ATTORNEY ON ANY QUESTION IF

2    YOU FIND IT NECESSARY TO DO SO; DO YOU UNDERSTAND THAT?

3    A.    YES.

4    Q.    DO YOU UNDERSTAND THAT YOU ARE NOW UNDER OATH AND

5    THAT IF YOU ANSWER ANY OF MY QUESTIONS FALSELY, YOUR

6    ANSWERS MAY BE USED AGAINST YOU IN ANOTHER CRIMINAL

7    PROSECUTION FOR PERJURY OR FOR MAKING A FALSE STATEMENT?

8    A.    YES.

9    Q.    MR. SUERO, HOW OLD ARE YOU?

10   A.    TWENTY-THREE.

11   Q.    AND WHAT EDUCATION DO YOU HAVE?

12   A.    GED.

13   Q.    ARE YOU NOW BEING TREATED OR HAVE YOU RECENTLY BEEN

14   TREATED FOR ANY MENTAL ILLNESS OR ADDICTION TO NARCOTIC

15   DRUGS OF ANY KIND?

16   A.    NO.

17   Q.    HAVE YOU TAKEN ANY DRUGS, MEDICINE, PILLS OR

18   ALCOHOLIC BEVERAGE OF ANY KIND IN THE LAST 24 HOURS?

19   A.    NO.

20   Q.    IS THERE ANYTHING AT ALL ABOUT YOUR MENTAL OR

21   PHYSICAL CONDITION HERE TODAY WHICH WOULD MAKE IT

22   DIFFICULT FOR YOU TO UNDERSTAND THESE PROCEEDINGS, TO

23   THINK CLEARLY OR TO MAKE GOOD DECISIONS ABOUT YOUR CASE?

24   A.    NO.

25   Q.    AND DO YOU IN FACT UNDERSTAND WHAT'S HAPPENING HERE

1   TODAY?

2   A.    YES.

3         THE COURT:  MR. STAMBAUGH, DO YOU CONSIDER THE

4   DEFENDANT COMPETENT TO ENTER A PLEA OF GUILTY HERE TODAY?

5         MR. STAMBAUGH:  YES, YOUR HONOR.

6         THE COURT:  AND IT LOOKS LIKE MR. SUERO IS

7   HAVING TO LEAN OVER TO TALK INTO THAT MICROPHONE, WOULD

8   YOU RAISE IT UP JUST A LITTLE BIT SO HE LOOKS MORE

9   COMFORTABLE.

10  A.    THANK YOU.

11        THE COURT:  MAYBE NEED TO RAISE THE PODIUM, I'M

12  NOT SURE.  THERE'S A SWITCH UNDERNEATH.

13  Q.    NOW, IS THAT BETTER?

14  A.    YEAH.  THANK YOU.

15  Q.    MR. SUERO, HAVE YOU RECEIVED A COPY OF THE

16  INDICTMENT RETURNED BY THE GRAND JURY IN THIS CASE?

17  A.    YES.

18  Q.    HAVE YOU READ THAT INDICTMENT?

19  A.    YES.

20  Q.    HAVE YOU HAD SUFFICIENT TIME TO DISCUSS THIS CASE

21  WITH YOUR LAWYER?

22  A.    YES.

23  Q.    HAVE YOU TOLD YOUR LAWYER EVERYTHING YOU KNOW ABOUT

24  THIS CASE?

25  A.    YES.

1  Q.    DO YOU BELIEVE THAT YOUR LAWYER IS FULLY AWARE OF

2  ALL THE FACTS UPON WHICH THIS CHARGE IS BASED?

3  A.    YES.

4  Q.    HAS YOUR LAWYER ADVISED YOU AS TO THE NATURE AND

5  MEANING OF THE CHARGES AGAINST YOU?

6  A.    YES.

7  Q.    HAS YOUR ATTORNEY EXPLAINED TO YOU THE MEANING OF

8  ALL WORDS USED IN THIS INDICTMENT ABOUT WHICH YOU HAD ANY

9  QUESTION?

10  A.    YES.

11  Q.    HAS YOUR ATTORNEY ADVISED YOU AS TO EACH AND EVERY

12  ELEMENT OF THIS OFFENSE WHICH THE GOVERNMENT MUST PROVE

13  BEYOND A REASONABLE DOUBT IN ORDER TO OBTAIN A CONVICTION

14  AGAINST YOU IN THE CASE?

15  A.    YES.

16  Q.    NOW, AS I INDICATED, MR. SUERO, THE INDICTMENT

17  RETURNED BY THE GRAND JURY IS A 10 COUNT INDICTMENT.

18  YOU'RE NOT CHARGED IN ALL COUNTS OF THAT INDICTMENT, BUT

19  THE RELEVANT COUNT OF THE INDICTMENT FOR OUR PURPOSES HERE

20  TODAY IS COUNT 1 OF THIS INDICTMENT.

21         COUNT 1 OF THE INDICTMENT READS AS FOLLOWS:

22  THE GRAND JURY CHARGES THAT FROM IN OR ABOUT JANUARY 2013

23  AND CONTINUING TO ON OR ABOUT JANUARY 20, 2014, WITHIN THE

24  EASTERN DISTRICT OF TENNESSEE AND ELSEWHERE, THE

25  DEFENDANTS, STEVEN CHRISTOPHER, ALSO KNOWN AS FRANCHISE,

1  RAMON WILLIAMS, ALSO KNOWN AS RAY, MAXWELL SUERO AND

2  CANDICE SOUTHERLAND, AND OTHER PERSONS KNOWN AND UNKNOWN

3  TO THE GRAND JURY, DID KNOWINGLY, INTENTIONALLY AND

4  WITHOUT AUTHORITY COMBINE, CONSPIRE, CONFEDERATE AND AGREE

5  WITH EACH OTHER AND WITH DIVERSE OTHER PERSONS TO COMMIT

6  THE FOLLOWING OFFENSES AGAINST THE UNITED STATES OF

7  AMERICA:  DISTRIBUTION OF 280 GRAMS OR MORE OF A MIXTURE

8  AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF COCAINE

9  BASE, CRACK, A SCHEDULE II CONTROLLED SUBSTANCE, IN

10  VIOLATION OF TITLE 21, UNITED STATES CODE, SECTION

11  841(A)(1), ALL IN VIOLATION OF TITLE 21, UNITED STATES

12  CODE, SECTIONS 846 AND 841(B)(1)(A).  IN OTHER WORDS,

13  MR. SUERO, THIS COUNT OF THE INDICTMENT CHARGES YOU AND

14  THE OTHER NAMED DEFENDANTS WITH A CONSPIRACY TO DISTRIBUTE

15  280 GRAMS OR MORE OF CRACK COCAINE.

16        NOW, ALSO CHARGED IN COUNT 1 OF THIS INDICTMENT

17  ARE WHAT ARE CALLED LESSER INCLUDED OFFENSES.  THE FIRST

18  OF THOSE LESSER INCLUDED OFFENSES IS A CONSPIRACY TO

19  DISTRIBUTE 28 GRAMS OR MORE, BUT LESS THAN 280 GRAMS OF

20  CRACK COCAINE, AND A SECOND LESSER INCLUDED OFFENSE IS THE

21  OFFENSE OF CONSPIRACY TO DISTRIBUTE A QUANTITY OF CRACK

22  COCAINE LESS THAN 28 GRAMS.  IT'S MY UNDERSTANDING THAT IT

23  IS THAT FIRST LESSER INCLUDED OFFENSE THAT YOU HAVE AGREED

24  TO PLEAD GUILTY TO.

25        DO YOU UNDERSTAND THAT ALL THOSE CHARGES ARE

1  CONTAINED IN COUNT 1 OF THIS INDICTMENT?

2  A.    YES.

3  Q.    AND DO YOU UNDERSTAND THAT BEFORE YOU COULD BE

4  CONVICTED OF THAT LESSER INCLUDED OFFENSE, THAT IS A

5  CONSPIRACY TO DISTRIBUTE 28 GRAMS OR MORE OF COCAINE BASE,

6  THE UNITED STATES WOULD BE REQUIRED TO PROVE EACH OF THE

7  FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:  FIRST, THAT

8  TWO OR MORE PERSONS DIRECTLY OR INDIRECTLY REACHED AN

9  AGREEMENT TO DISTRIBUTE COCAINE BASE AS CHARGED IN THE

10  INDICTMENT; SECOND, THAT YOU KNEW OF THE UNLAWFUL PURPOSE

11  OF THE AGREEMENT; THIRD, THAT YOU JOINED IN THE AGREEMENT

12  WILLFULLY, THAT IS WITH THE INTENT TO FURTHER ITS UNLAWFUL

13  PURPOSE; AND, FOURTH, THAT THE OVERALL SCOPE OF THE

14  CONSPIRACY INVOLVED 28 GRAMS OR MORE OF COCAINE BASE?

15  A.    YES.

16  Q.    HAVE YOU AND YOUR ATTORNEY DISCUSSED ANY POSSIBLE

17  DEFENSES YOU MIGHT HAVE TO THIS CHARGE?

18       (OFF-THE-RECORD DISCUSSION BETWEEN THE DEFENDANT AND

19  HIS ATTORNEY)

20  A.    YES.

21  Q.    NOW, AS I SAID EARLIER, I UNDERSTAND THERE IS A PLEA

22  AGREEMENT IN THIS CASE.  HAVE YOU READ THIS PLEA

23  AGREEMENT?

24  A.    YES.

25  Q.    AND HAS YOUR ATTORNEY EXPLAINED TO YOU ALL THE TERMS

1 AND CONDITIONS OF THE PLEA AGREEMENT YOU'VE ENTERED INTO

2 WITH THE UNITED STATES?

3 A.    YES.

4 Q.    DO YOU FULLY UNDERSTAND ALL THE TERMS AND CONDITIONS

5 OF THIS AGREEMENT YOU'VE MADE WITH THE GOVERNMENT?

6 A.    YES.

7 Q.    AND IS THIS YOUR SIGNATURE ON THIS PLEA AGREEMENT

8 THAT'S BEEN FILED WITH THE COURT AS DOCUMENT 49 IN THIS

9 CASE?

10 A.    YES.

11 Q.    ARE YOU SATISFIED WITH YOUR LAWYER'S REPRESENTATION

12 OF YOU IN THIS CASE?

13 A.    YES.

14        THE COURT:  MR. STAMBAUGH, ARE YOU SATISFIED

15 THAT MR. SUERO UNDERSTANDS THE CHARGE, THE ELEMENTS OF THE

16 OFFENSE CHARGED AND THE LEGAL MEANING OF ALL WORDS USED IN

17 THIS INDICTMENT?

18        MR. STAMBAUGH:  YES, YOUR HONOR.

19 Q.    NOW, MR. SUERO, BY PLEADING GUILTY HERE TODAY, YOU

20 WILL WAIVE OR GIVE UP CERTAIN RIGHTS THAT YOU WOULD

21 OTHERWISE HAVE HAD AS A CRIMINAL DEFENDANT IN THIS CASE.

22 I'M GOING TO ASK YOU A SERIES OF QUESTIONS TO MAKE SURE

23 THAT YOU UNDERSTAND THE RIGHTS YOU ARE WAIVING BY ENTERING

24 THIS GUILTY PLEA HERE TODAY.  FIRST OF ALL, DO YOU

25 UNDERSTAND THAT YOU HAVE A RIGHT TO PLEAD NOT GUILTY TO

1    ANY OFFENSE CHARGED AGAINST YOU AND TO PERSIST IN YOUR NOT

2    GUILTY PLEA?

3    A.    YES.

4    Q.    DO YOU UNDERSTAND THAT YOU WOULD THEN HAVE THE RIGHT

5    TO A TRIAL BY JURY?

6    A.    YES.

7    Q.    DO YOU UNDERSTAND THAT DURING THAT JURY TRIAL YOU

8    WOULD HAVE THE RIGHT TO BE REPRESENTED BY COUNSEL, COUNSEL

9    APPOINTED BY THE COURT AND PAID FOR BY THE GOVERNMENT IF

10   YOU COULD NOT AFFORD TO HIRE YOUR OWN ATTORNEY?

11   A.    YES.

12   Q.    DO YOU UNDERSTAND THAT DURING THAT JURY TRIAL YOU

13   WOULD HAVE A RIGHT TO SEE AND HEAR THE GOVERNMENT'S

14   WITNESSES AGAINST YOU AND HAVE THOSE WITNESSES

15   CROSS-EXAMINED BY YOUR ATTORNEY IN YOUR DEFENSE?

16   A.    YES.

17   Q.    DO YOU UNDERSTAND THAT YOU WOULD HAVE THE RIGHT ON

18   YOUR OWN PART NOT TO TESTIFY AT TRIAL UNLESS YOU CHOSE TO

19   DO SO IN YOUR OWN DEFENSE?

20   A.    YES.

21   Q.    DO YOU UNDERSTAND THAT YOU WOULD HAVE THE RIGHT TO

22   THE ISSUANCE OF SUBPOENAS TO COMPEL THE ATTENDANCE OF

23   WITNESSES TO APPEAR AT TRIAL AND TESTIFY ON YOUR BEHALF?

24   A.    YES.

25   Q.    NOW, VERY IMPORTANTLY, MR. SUERO, DO YOU UNDERSTAND

1   THAT BY ENTERING A PLEA OF GUILTY HERE TODAY, IF THAT PLEA

2   IS ACCEPTED BY THE COURT, THERE WILL BE NO TRIAL IN YOUR

3   CASE?

4   A.    YES.

5   Q.    AND DO YOU UNDERSTAND THAT BY ENTERING A PLEA OF

6   GUILTY HERE TODAY, YOU WILL NOT ONLY WAIVE YOUR RIGHT TO A

7   TRIAL OF ANY KIND, YOU WILL ALSO GIVE UP ALL THESE OTHER

8   RIGHTS ASSOCIATED WITH A TRIAL THAT I HAVE JUST DESCRIBED

9   TO YOU?

10  A.    YES.

11  Q.    DO YOU UNDERSTAND THAT YOU WILL ALSO BE GIVING UP

12  THE RIGHT NOT TO BE COMPELLED TO INCRIMINATE YOURSELF IN

13  THIS CASE?

14  A.    YES.

15  Q.    AND DO YOU UNDERSTAND THAT YOU WILL BE GIVING UP THE

16  RIGHT TO REQUIRE THE UNITED STATES TO PROVE YOU GUILTY

17  BEYOND A REASONABLE DOUBT?

18  A.    YES.

19  Q.    HAS ANY PERSON, INCLUDING AN OFFICER OR AGENT OF THE

20  GOVERNMENT, PUT ANY PRESSURE ON YOU MENTALLY OR PHYSICALLY

21  TO FORCE YOU TO PLEAD GUILTY IN THIS CASE?

22  A.    NO.

23  Q.    NOW, MR. SUERO, I AM AWARE THAT THE GOVERNMENT HAS

24  MADE CERTAIN PROMISES TO YOU IN THIS PLEA AGREEMENT; BUT

25  OTHER THAN THE PROMISES CONTAINED IN THE PLEA AGREEMENT,

1    HAS ANY OFFICER OR AGENT OF THE GOVERNMENT PROMISED YOU OR

2    SUGGESTED TO YOU THAT YOU WILL RECEIVE A LIGHTER SENTENCE

3    OR ANY OTHER FORM OF LENIENCY IF YOU PLEAD GUILTY?

4    A.    NO.

5    Q.    ONCE AGAIN, OTHER THAN ANY PROMISES CONTAINED IN

6    THIS PLEA AGREEMENT, HAVE ANY PROMISES OR THREATS OF ANY

7    KIND BEEN MADE BY ANYONE TO INDUCE YOU TO PLEAD GUILTY IN

8    THIS CASE?

9    A.    NO.

10   Q.    MR. SUERO, I NOW STATE FOR THE RECORD THE COURT WILL

11   REVIEW THE PLEA AGREEMENT IN THIS CASE.  I ADVISE BOTH YOU

12   AND COUNSEL THAT I AM NOT REQUIRED TO ACCEPT THIS PLEA

13   AGREEMENT AND THAT I WILL DEFER MY DECISION ON WHETHER OR

14   NOT TO ACCEPT OR REJECT YOUR PLEA AGREEMENT UNTIL AFTER I

15   HAVE RECEIVED A PRESENTENCE REPORT FROM THE UNITED STATES

16   PROBATION OFFICE; HOWEVER, IF I DO REJECT THIS PLEA

17   AGREEMENT, YOU WILL BE SO ADVISED HERE IN OPEN COURT AND

18   YOU WILL BE PERMITTED TO WITHDRAW YOUR GUILTY PLEA; DO YOU

19   UNDERSTAND THAT?

20   A.    YES.

21            THE COURT:  MR. STAMBAUGH, DOES THE DEFENDANT

22   WAIVE ANY FURTHER FORMAL READING OF THE INDICTMENT HERE

23   TODAY?

24            MR. STAMBAUGH:  HE DOES, YOUR HONOR.

25   Q.    NOW, MR. SUERO, BEFORE I CAN ACCEPT YOUR GUILTY

1    PLEA, ONE OF THE THINGS I HAVE TO DO HERE TODAY IS TO

2    DETERMINE IF THERE IS WHAT'S CALLED AN ADEQUATE FACTUAL

3    BASIS FOR YOUR GUILTY PLEA.  IN OTHER WORDS, I NEED TO

4    DETERMINE THAT YOU HAVE ADMITTED SUFFICIENT FACTS FROM

5    WHICH THE COURT CAN FIND THAT YOU ARE IN FACT GUILTY OF

6    THIS OFFENSE.  IT APPEARS THAT YOU HAVE ENTERED INTO A

7    STIPULATION OF FACTS IN THIS CASE.  THAT STIPULATION OF

8    FACTS IS IN PARAGRAPH 4 OF YOUR PLEA AGREEMENT.  IT IS

9    INCLUDED THERE FOR THE PURPOSE OF ESTABLISHING THE

10   REQUIRED FACTUAL BASIS.  MR. SUERO, DID YOU READ PARAGRAPH

11   4 WHICH CONTAINS THIS STIPULATION VERY CAREFULLY?

12   A.    YES.

13   Q.    AND DID YOU REVIEW THE PROVISIONS OF THE STIPULATION

14   OF FACTS CONTAINED IN PARAGRAPH 4 CAREFULLY WITH YOUR

15   ATTORNEY?

16   A.    YES.

17   Q.    DO YOU AGREE WITH WHAT YOU DID IN THIS CASE AS SET

18   OUT IN PARAGRAPH 4 OF THE PLEA AGREEMENT?

19   A.    YES.

20   Q.    ARE ALL OF THE FACTS CONTAINED IN PARAGRAPH 4 OF

21   THIS PLEA AGREEMENT TRUE?

22   A.    YES.

23   Q.    AND DO YOU STIPULATE HERE TODAY UNDER OATH THAT THE

24   FACTS CONTAINED IN PARAGRAPH 4 OF THIS PLEA AGREEMENT ARE

25   TRUE AND CORRECT?

1   A.    YES.

2   Q.    I ALSO NOTE HERE, MR. SUERO, THAT THE PLEA AGREEMENT

3   PROVIDES THAT THESE STIPULATED FACTS DO NOT NECESSARILY

4   CONSTITUTE ALL OF THE FACTS IN THIS CASE; DO YOU

5   UNDERSTAND THAT?

6   A.    YES.

7   Q.    DO YOU UNDERSTAND THAT THERE MAY BE OTHER FACTS

8   RELEVANT TO SENTENCING WHICH THE COURT WILL CONSIDER AT

9   THE TIME OF YOUR SENTENCING IN THIS CASE?

10  A.    YES.

11  Q.    HOW DO YOU PLEAD THEN AS TO THE LESSER INCLUDED

12  OFFENSE CHARGED IN COUNT 1 OF THIS INDICTMENT, THAT IS A

13  CONSPIRACY TO DISTRIBUTE 28 GRAMS OR MORE OF COCAINE BASE,

14  CRACK, IN VIOLATION OF TITLE 21, UNITED STATES CODE,

15  SECTIONS 846 AND 841(B)(1)(B), DO YOU PLEAD GUILTY OR NOT

16  GUILTY?

17  A.    GUILTY.

18  Q.    AND DO YOU UNDERSTAND WHAT IT IS YOU'RE PLEADING

19  GUILTY TO?

20  A.    YES.

21  Q.    AND ARE YOU OFFERING TO PLEAD GUILTY BECAUSE YOU ARE

22  IN FACT GUILTY?

23  A.    YES.

24        THE COURT:  ALL RIGHT.  MR. BOWMAN, WILL THE

25  GOVERNMENT PLEASE ADVISE MR. SUERO AS TO THE MAXIMUM

1  POSSIBLE PENALTY PROVIDED BY THE LAW FOR THIS OFFENSE, AS

2  WELL AS ANY MANDATORY MINIMUM SENTENCE HE FACES.

3          MR. BOWMAN:  YES, YOUR HONOR.

4          THE DEFENDANT FACES A MINIMUM MANDATORY

5  SENTENCE OF 5 YEARS UP TO 40 YEARS OF IMPRISONMENT,

6  SUPERVISED RELEASE OF 4 YEARS UP TO LIFE, A FINE OF UP TO

7  $5 MILLION AND A $100 MANDATORY ASSESSMENT FEE.

8          THE COURT:  THANK YOU, MR. BOWMAN.

9  Q.    MR. SUERO, DO YOU UNDERSTAND THAT THAT IS THE

10  MAXIMUM SENTENCE THE COURT CAN IMPOSE IN THIS CASE?

11  A.    YES.

12  Q.    AND, VERY IMPORTANTLY, DO YOU UNDERSTAND THAT

13  FEDERAL LAW REQUIRES THE COURT TO IMPOSE AT LEAST A 5 YEAR

14  MANDATORY MINIMUM SENTENCE IN THE CASE?

15  A.    YES.

16  Q.    DO YOU UNDERSTAND THAT ABSENT A GOVERNMENT MOTION

17  FOR DOWNWARD DEPARTURE OR SOME OTHER VERY EXTRAORDINARY

18  CIRCUMSTANCE IN THIS CASE, THAT MEANS THIS COURT WILL BE

19  REQUIRED TO IMPOSE AT LEAST A 5 YEAR TERM OF IMPRISONMENT

20  IN THE CASE?

21  A.    YES.

22  Q.    DO YOU ALSO UNDERSTAND THAT FEDERAL LAW REQUIRES THE

23  COURT TO IMPOSE AT LEAST A TERM OF 4 YEARS OF SUPERVISED

24  RELEASE TO FOLLOW YOUR TERM OF IMPRISONMENT?

25  A.    YES.

1  Q.    DO YOU ALSO UNDERSTAND THAT IN APPROPRIATE CASES THE

2  COURT MUST ORDER RESTITUTION AND THAT CERTAIN OF YOUR

3  PROPERTY COULD BE SUBJECT TO FORFEITURE BECAUSE OF YOUR

4  GUILTY PLEA?

5  A.    YES.

6  Q.    NOW, IF YOUR PLEA IS ACCEPTED, YOU WILL BE ADJUDGED

7  GUILTY OF A FELONY.  THIS WILL CAUSE YOU TO LOSE CERTAIN

8  VALUABLE CIVIL RIGHTS; SUCH AS, THE RIGHT TO VOTE, THE

9  RIGHT TO HOLD PUBLIC OFFICE, THE RIGHT TO SERVE ON A JURY

10 AND THE RIGHT TO POSSESS ANY KIND OF FIREARMS OR

11 AMMUNITION.  KNOWING THOSE ADDITIONAL PENALTIES, DO YOU

12 STILL WANT TO PLEAD GUILTY HERE TODAY?

13 A.    YES.

14        THE COURT:  MR. BOWMAN, HAS THE DEFENDANT

15 WAIVED ANY APPEAL RIGHTS OR RIGHTS TO FILE A SECTION 2255

16 MOTION IN THIS PLEA AGREEMENT?

17        MR. BOWMAN:  HE HAS, YOUR HONOR.  THE WAIVER IS

18 CONTAINED IN PARAGRAPH 10.

19        THE DEFENDANT HAS AGREED NOT TO FILE A DIRECT

20 APPEAL OF HIS CONVICTION OR SENTENCE WITH ONE EXCEPTION.

21 HE HAS RETAINED THE RIGHT TO APPEAL A SENTENCE IMPOSED

22 ABOVE THE SENTENCING GUIDELINE RANGE DETERMINED BY THE

23 COURT OR ABOVE ANY MANDATORY MINIMUM SENTENCE DEEMED

24 APPLICABLE, WHICHEVER IS THE GREATER.

25        THE DEFENDANT HAS ALSO WAIVED THE RIGHT TO

1    CHALLENGE THE DURATION OR CONDITION OF ANY TERM OF

2    SUPERVISED RELEASE AND WAIVE THE RIGHT TO APPEAL THE

3    COURT'S DETERMINATION AS TO WHETHER HIS SENTENCE WILL BE

4    CONSECUTIVE OR PARTIALLY CONCURRENT TO ANY OTHER SENTENCE.

5         HE'S ALSO WAIVED THE RIGHT TO FILE ANY MOTION

6    OR PLEADING PURSUANT TO 28, U.S.C., SECTION 2255 OR TO

7    OTHERWISE COLLATERALLY ATTACK HIS CONVICTION OR SENTENCE

8    WITH TWO EXCEPTIONS.  HE HAS RETAINED THE RIGHT TO FILE A

9    2255 MOTION AS TO PROSECUTORIAL MISCONDUCT AND INEFFECTIVE

10    ASSISTANCE OF COUNSEL.  HE HAS ALSO WAIVED THE RIGHT TO

11    SEEK ANY RECORDS PERTAINING TO THE INVESTIGATION OR

12    PROSECUTION OF THIS CASE, INCLUDING WITHOUT LIMITATION ANY

13    RECORDS THAT MAY BE SOUGHT UNDER THE FREEDOM OF

14    INFORMATION ACT OR THE PRIVACY ACT OF 1974.

15         THE COURT:  THANK YOU, MR. BOWMAN.

16    Q.    MR. SUERO, DO YOU UNDERSTAND THAT UNDER YOUR PLEA

17    AGREEMENT WITH THE GOVERNMENT YOU HAVE EXPRESSLY WAIVED

18    RIGHTS TO APPEAL OR TO COLLATERALLY ATTACK YOUR CONVICTION

19    OR THE RESULTING SENTENCE IN THE CASE AS JUST STATED BY

20    THE UNITED STATES ATTORNEY AND AS SET OUT IN PARAGRAPH 10

21    OF YOUR PLEA AGREEMENT?

22    A.    YES.

23    Q.    DID YOU READ PARAGRAPH 10 OF THE PLEA AGREEMENT

24    CAREFULLY?

25    A.    YES.

1  Q.    AND DID YOU REVIEW THE PROVISIONS OF PARAGRAPH 10 OF

2  THIS PLEA AGREEMENT CAREFULLY WITH YOUR ATTORNEY?

3  A.    YES.

4  Q.    HAVE YOU AND YOUR ATTORNEY FULLY DISCUSSED THESE

5  WAIVERS OF YOUR RIGHTS TO APPEAL AND YOUR RIGHT TO

6  COLLATERALLY ATTACK YOUR CONVICTION OR THE RESULTING

7  SENTENCE IN THE CASE?

8  A.    YES.

9  Q.    UNDER THE SENTENCING REFORM ACT OF 1984, THE UNITED

10 STATES SENTENCING COMMISSION HAS ISSUED GUIDELINES,

11 ADVISORY GUIDELINES, FOR JUDGES TO CONSIDER IN DETERMINING

12 SENTENCES IN CRIMINAL CASES.  AS I SAID, THESE GUIDELINES

13 ARE NO LONGER MANDATORY, THEY ARE ADVISORY ONLY; HOWEVER,

14 YOUR ADVISORY GUIDELINE SENTENCING RANGE IS ONE FACTOR

15 WHICH THE COURT MUST CONSIDER IN DETERMINING AN

16 APPROPRIATE SENTENCE IN YOUR CASE.  HAVE YOU AND YOUR

17 ATTORNEY TALKED ABOUT HOW THESE ADVISORY GUIDELINES MIGHT

18 APPLY TO YOUR CASE?

19 A.    YES.

20 Q.    DO YOU UNDERSTAND THAT THE COURT CANNOT DETERMINE

21 THE ADVISORY GUIDELINE SENTENCING RANGE WHICH APPLIES TO

22 YOUR CASE AND, THEREFORE, DETERMINE AN APPROPRIATE

23 SENTENCE IN THE CASE UNTIL AFTER A PRESENTENCE REPORT HAS

24 BEEN COMPLETED BY THE UNITED STATES PROBATION OFFICE AND

25 BOTH YOU AND THE GOVERNMENT HAVE HAD AN OPPORTUNITY TO

1  CHALLENGE ANY OF THE CONTENTS OF THE PRESENTENCE REPORT?

2  A.    YES.

3  Q.    NOW, IN ADDITION TO CONSIDERING YOUR ADVISORY GUIDE-

4  LINE SENTENCING RANGE, THERE ARE A NUMBER OF OTHER FACTORS

5  THE COURT IS REQUIRED TO CONSIDER BEFORE DECIDING ON AN

6  APPROPRIATE SENTENCE IN YOUR CASE.   THESE OTHER FACTORS

7  ARE LISTED AT TITLE 18, UNITED STATES CODE, SECTION

8  3553(A).   THEY INCLUDE THE NATURE AND CIRCUMSTANCES OF THE

9  OFFENSE; YOUR HISTORY AND CHARACTERISTICS; THE NEED FOR

10 THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE

11 OFFENSE; TO PROMOTE RESPECT FOR THE LAW; TO PROVIDE JUST

12 PUNISHMENT FOR THE OFFENSE; TO AFFORD ADEQUATE DETERRENCE

13 TO CRIMINAL CONDUCT; TO PROTECT THE PUBLIC FROM FURTHER

14 CRIMES YOU MIGHT COMMIT; TO PROVIDE YOU WITH NEEDED

15 EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE OR OTHER

16 CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER; THE

17 KINDS OF SENTENCES AVAILABLE; ANY PERTINENT POLICY

18 STATEMENT ISSUED BY THE SENTENCING COMMISSION; THE NEED TO

19 AVOID UNWARRANTED SENTENCE DISPARITIES AMONG DEFENDANTS

20 WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR

21 CONDUCT; AND THE NEED, IF ANY, TO PROVIDE RESTITUTION TO

22 ANY VICTIMS OF THE OFFENSE.   DO YOU UNDERSTAND THAT THIS

23 COURT WILL CONSIDER ALL OF THESE FACTORS, ALONG WITH YOUR

24 ADVISORY GUIDELINE RANGE, BEFORE DECIDING ON AN

25 APPROPRIATE SENTENCE IN THIS CASE?

1   A.    YES.

2   Q.    DO YOU ALSO UNDERSTAND THAT EVEN AFTER IT'S BEEN

3   DETERMINED WHAT ADVISORY GUIDELINE SENTENCING RANGE

4   APPLIES TO THE CASE, THE COURT HAS THE AUTHORITY TO IMPOSE

5   A SENTENCE THAT MAY BE MORE SEVERE THAN THE SENTENCE

6   CALLED FOR IN THE ADVISORY GUIDELINES?

7   A.    YES.

8   Q.    TO SAY THAT DIFFERENTLY, MR. SUERO, DO YOU UNDER-

9   STAND THAT REGARDLESS OF WHAT YOUR ADVISORY GUIDELINES

10   RANGE IN THIS CASE MIGHT BE, THIS COURT, NEVERTHELESS, HAS

11   THE AUTHORITY TO IMPOSE A 40 YEAR TERM OF IMPRISONMENT IN

12   THE CASE?

13   A.    YES.

14   Q.    UNDERSTANDING THAT, DO YOU STILL WANT TO PLEAD

15   GUILTY HERE TODAY?

16   A.    YES.

17   Q.    DO YOU ALSO UNDERSTAND THAT UNDER SOME CIRCUMSTANCES

18   YOU, SUBJECT, OF COURSE, TO ANY WAIVERS YOU HAVE AGREED TO

19   IN THIS PLEA AGREEMENT, OR THE GOVERNMENT MAY HAVE THE

20   RIGHT TO APPEAL ANY SENTENCE THAT IS ULTIMATELY IMPOSED?

21   A.    YES.

22         THE COURT:  MR. STAMBAUGH, HAVE YOU MADE ANY

23   REPRESENTATION TO THE DEFENDANT AS TO WHAT SENTENCE THE

24   COURT MIGHT IMPOSE IN HIS CASE OTHER THAN TO GIVE HIM AN

25   ESTIMATE AS TO HIS ADVISORY GUIDELINES RANGE AND TO

DISCUSS WITH HIM THE APPLICABILITY OF THE 5 YEAR MANDATORY

MINIMUM SENTENCE REQUIRED BY STATUTE?

MR. STAMBAUGH:  YOUR HONOR, I'VE ONLY GONE OVER

WITH HIM AGAIN WHAT HIS APPLICABLE GUIDELINE RANGE MAY BE,

AND, OF COURSE, THE IMPACT OF THE MANDATORY MINIMUM

SENTENCE; AND THAT'S BEEN AN ISSUE THAT HE AND I HAVE HAD

TO DEAL WITH OVER THE LAST MONTH OR SO, AND IT'S BEEN VERY

DIFFICULT FOR HIM TO UNDERSTAND THAT, AND IT'S BEEN

DIFFICULT FOR HIM TO UNDERSTAND THE POSSIBILITY OF EVER

GOING BENEATH THAT, THERE'S ONLY CERTAIN WAYS THAT CAN

EVER BE DONE; BUT HE AND I HAVE DISCUSSED IT, AND HE

UNDERSTANDS IT THIS MORNING.

THE COURT:  ALL RIGHT.

Q.    MR. SUERO, FIRST OF ALL, WITH RESPECT TO ANY

ESTIMATE THAT YOUR ATTORNEY MAY HAVE GIVEN YOU AS TO YOUR

ADVISORY GUIDELINES RANGE IN THE CASE, DO YOU UNDERSTAND

THAT THAT IS SIMPLY YOUR ATTORNEY'S ESTIMATE OF THAT

RANGE?

A.    YES.

Q.    AND DO YOU UNDERSTAND FURTHER THAT THE COURT IS NOT

BOUND BY YOUR ATTORNEY'S ESTIMATE AS TO YOUR ADVISORY

GUIDELINES RANGE?

A.    YES.

Q.    NOW, GIVEN WHAT MR. STAMBAUGH JUST TOLD ME, LET ME

REVISIT THE ISSUE OF THIS MANDATORY MINIMUM.  AS YOU AND I

1    HAVE DISCUSSED, FEDERAL LAW REQUIRES THE COURT TO IMPOSE

2    AT LEAST A 5 YEAR MANDATORY MINIMUM SENTENCE IN THE CASE.

3    THAT MEANS THAT UNLESS SOME EXTRAORDINARY CIRCUMSTANCES

4    EXIST IN THE CASE, I WILL HAVE NO DISCRETION TO IMPOSE ANY

5    SENTENCE OF LESS THAN 5 YEARS; DO YOU UNDERSTAND THAT?

6    A.    YES.

7    Q.    AND DO YOU UNDERSTAND THAT THE CIRCUMSTANCES UNDER

8    WHICH THE COURT COULD DEPART BELOW THAT ADVISORY -- EXCUSE

9    ME, BELOW THAT MANDATORY MINIMUM ARE VERY LIMITED.  IF THE

10   GOVERNMENT WERE TO FILE A MOTION FOR DOWNWARD DEPARTURE

11   UNDER SECTION 3553(E), THE COURT WOULD BE AUTHORIZED TO

12   DEPART BELOW THAT MANDATORY MINIMUM.  IF YOU WERE SAFETY

13   VALVE ELIGIBLE, FOR INSTANCE, THE COURT COULD SENTENCE

14   BELOW THE MANDATORY MINIMUM, AND THAT THERE ARE JUST OTHER

15   VERY, VERY LIMITED CIRCUMSTANCES; DO YOU UNDERSTAND

16   THAT?

17   A.    YES.

18   Q.    BOTTOM LINE IS THAT IN ALL LIKELIHOOD, UNLESS

19   THERE'S A GOVERNMENT MOTION FOR DOWNWARD DEPARTURE, YOU'RE

20   PROBABLY GOING TO GET AT LEAST 5 YEARS, OR 60 MONTHS, AS A

21   SENTENCE IN THIS CASE; DO YOU UNDERSTAND THAT?

22   A.    YES.

23   Q.    NOW, UNDERSTANDING THAT, DO YOU STILL WANT TO PLEAD

24   GUILTY HERE TODAY?

25   A.    YES.

1    THE COURT:  ALL RIGHT.  THE COURT HAS OBSERVED

2  THE APPEARANCE OF THE DEFENDANT AND HIS RESPONSIVENESS TO

3  THE COURT'S QUESTIONS.  BASED UPON THESE OBSERVATIONS AND

4  HIS ANSWERS TO THE COURT'S QUESTIONS, THE COURT FINDS THAT

5  THE DEFENDANT IS IN FULL POSSESSION OF HIS FACULTIES AND

6  HE IS COMPETENT TO PLEAD GUILTY; THAT HE IS NOT UNDER THE

7  APPARENT INFLUENCE OF NARCOTICS, OTHER DRUGS OR ALCOHOL;

8  THAT HE KNOWINGLY WAIVES HIS CONSTITUTIONAL RIGHTS TO

9  TRIAL AND THE OTHER RIGHTS ACCORDED TO PERSONS ACCUSED OF

10  A CRIME; THAT HE UNDERSTANDS THE NATURE OF THE CHARGE TO

11  WHICH THE PLEA IS OFFERED AND THE MAXIMUM PENALTY PROVIDED

12  BY LAW FOR THIS OFFENSE; AND THAT HE HAS OFFERED TO PLEAD

13  GUILTY KNOWINGLY AND VOLUNTARILY.  ACCORDINGLY, MR. SUERO,

14  YOUR PLEA OF GUILTY WILL BE ACCEPTED, AND YOU ARE HEREBY

15  ADJUDGED GUILTY OF THE LESSER INCLUDED OFFENSE CHARGED IN

16  COUNT 1 OF THIS INDICTMENT, THAT IS A CONSPIRACY TO

17  DISTRIBUTE 28 GRAMS OR MORE OF COCAINE BASE, CRACK, IN

18  VIOLATION OF TITLE 21, UNITED STATES CODE, SECTIONS 846

19  AND 841(B)(1)(B).

20    ALL RIGHT.  COUNSEL, I UNDERSTAND YOU ARE BOTH

21  AVAILABLE FOR SENTENCING ON SEPTEMBER 14 AT 9:00?

22    MR. STAMBAUGH:  THAT'S CORRECT, YOUR HONOR.

23    MR. BOWMAN:  YES, YOUR HONOR.

24    THE COURT:  ALL RIGHT.  MR. SUERO, I WILL

25  SCHEDULE A SENTENCING HEARING IN YOUR CASE FOR SEPTEMBER

1   14, 2015, HERE IN THIS COURT AT 9:00 A.M.  I WILL ORDER

2   THE PREPARATION OF THE PRESENTENCE REPORT WE HAVE

3   DISCUSSED.  A PROBATION OFFICER WILL SEE YOU FOR AN

4   INTERVIEW VERY SHORTLY.

5           NOW, MR. SUERO, IT APPEARS THAT YOU HAVE

6   PREVIOUSLY BEEN DETAINED BY ORDER OF THE UNITED STATES

7   MAGISTRATE JUDGE, ACTUALLY BEEN DETAINED HERE BASED ON AN

8   ORDER OF DETENTION FILED BY A MAGISTRATE JUDGE IN THE

9   DISTRICT OF VERMONT, WHICH WAS ADOPTED AS THE ORDER OF

10  THIS COURT.  IN ANY EVENT, YOU HAVE NOW BEEN CONVICTED OF

11  AN OFFENSE WHICH SUBJECTS YOU TO THE MANDATORY DETENTION

12  PROVISIONS OF TITLE 18, UNITED STATES CODE, SECTION

13  3143(A).  FOR AT THAT REASON I WILL ORDER YOUR CONTINUED

14  DETENTION IN THE CUSTODY OF THE UNITED STATES MARSHAL

15  PENDING FURTHER PROCEEDINGS IN THE CASE, AND YOU WILL BE

16  REMANDED TO THE MARSHAL'S CUSTODY.

17          THANK YOU ALL VERY MUCH.

18          MR. STAMBAUGH:  THANK YOU, YOUR HONOR.

19      (PROCEEDINGS ARE CONCLUDED AT 9:55 A.M.)

20  I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM

21  THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

22

23

    KAREN J. BRADLEY/S                        12/20/16
24  SIGNATURE OF COURT REPORTER               DATE

25