1    UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF TENNESSEE
2              GREENEVILLE

3
UNITED STATES OF AMERICA,   .  DOCKET NO. CR-2-14-46
4                           .
          GOVERNMENT,        .
5                           .
             VS.            .  GREENEVILLE, TN
6                           .  MARCH 16, 2015
STEVEN CHRISTOPHER,         .  10:29 A.M.
7                           .
          DEFENDANT.         .
8                           .
. . . . . . . . . .
9

10

11            TRANSCRIPT OF PROCEEDINGS
     BEFORE THE HONORABLE J. RONNIE GREER
12        UNITED STATES DISTRICT JUDGE

13

14 APPEARANCES:

15 FOR THE GOVERNMENT:     U.S. DEPARTMENT OF JUSTICE
                          OFFICE OF U.S. ATTORNEY
16                        J. GREGORY BOWMAN, AUSA
                          220 WEST DEPOT STREET, SUITE 423
17                        GREENEVILLE, TN 37743

18 FOR THE DEFENDANT:      SPURRELL & ASSOCIATES, LLC
                          DONALD E. SPURRELL, ESQ.
19                        128 EAST MARKET STREET, SUITE ONE
                          JOHNSON CITY, TN 37604
20

21

22 COURT REPORTER:         KAREN J. BRADLEY
                          RPR-RMR
23                        U.S. COURTHOUSE
                          220 WEST DEPOT STREET
24                        GREENEVILLE, TN 37743

25 PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
   PRODUCED BY COMPUTER.

1       (CALL TO ORDER OF THE COURT AT 10:29 A.M.)

2              THE COURT:  SORRY FOR THE DELAY.  WE HAD USED

3   THE OTHER COURTROOM LAST WEEK AND EVERYTHING WAS LEFT ON

4   THAT BENCH.

5              MR. SPURRELL:  GOOD MORNING, YOUR HONOR.

6              THE COURT:  ALL RIGHT.  CALL THIS CASE,

7   PLEASE.

8              THE CLERK:  USA VERSUS STEVEN CHRISTOPHER, CASE

9   NUMBER CR-2-14-46.

10      (DEFENDANT SWORN)

11  EXAMINATION

12  BY THE COURT:

13  Q.    GOOD MORNING, MR. CHRISTOPHER.

14  A.    GOOD MORNING.

15  Q.    MR. CHRISTOPHER, THE FEDERAL GRAND JURY HAS RETURNED

16  A 10 COUNT INDICTMENT IN THIS CASE.  I UNDERSTAND THAT YOU

17  HAVE NOW ENTERED INTO A PLEA AGREEMENT WITH THE UNITED

18  STATES AND THAT PURSUANT TO THAT PLEA AGREEMENT YOU WISH

19  TO CHANGE YOUR PLEA THIS MORNING TO A PLEA OF GUILTY AS TO

20  COUNT ONE OF THIS INDICTMENT, WHICH CHARGES YOU WITH A

21  CONSPIRACY TO DISTRIBUTE 280 GRAMS OR MORE OF COCAINE

22  BASE; IS THAT CORRECT?

23  A.    YES.

24  Q.    ALL RIGHT, SIR.  BEFORE I CAN ACCEPT YOUR GUILTY

25  PLEA, THERE ARE A NUMBER OF QUESTIONS I NEED TO ASK YOU TO

1  ASSURE THAT THE PLEA IS A VALID ONE.  IF YOU DO NOT UNDER-

2  STAND ANY QUESTION, PLEASE ASK ME TO EXPLAIN IT TO YOU,

3  AND YOU MAY CONFER WITH YOUR ATTORNEY ON ANY QUESTION IF

4  YOU FIND IT NECESSARY TO DO SO; DO YOU UNDERSTAND THAT?

5  A.    YES.

6  Q.    DO YOU UNDERSTAND THAT ARE YOU NOW UNDER OATH AND

7  THAT IF YOU ANSWER ANY OF MY QUESTIONS FALSELY, YOUR

8  ANSWERS MAY BE USED AGAINST YOU IN ANOTHER CRIMINAL

9  PROSECUTION FOR PERJURY OR FOR MAKING A FALSE STATEMENT?

10  A.    YES.

11  Q.    MR. CHRISTOPHER, HOW OLD ARE YOU?

12  A.    TWENTY-NINE.

13  Q.    AND WHAT EDUCATION DO YOU HAVE?

14  A.    I DIDN'T GRADUATE.

15  Q.    ALL RIGHT.  DID YOU DO SOME HIGH SCHOOL?

16  A.    YES.

17  Q.    WHAT GRADES DID YOU COMPLETE?

18  A.    ELEVENTH, I BELIEVE.

19  Q.    OKAY.  AND ARE YOU ABLE TO READ AND WRITE WITHOUT

20  DIFFICULTY?

21  A.    YES, PERFECTLY FINE.

22  Q.    ARE YOU NOW BEING TREATED OR HAVE YOU RECENTLY BEEN

23  TREATED FOR MENTAL ILLNESS OR ADDICTION TO NARCOTIC DRUGS

24  OF ANY KIND?

25  A.    NO.

1   Q.    HAVE YOU TAKEN ANY DRUGS, MEDICINE, PILLS, OR

2   ALCOHOLIC BEVERAGE OF ANY KIND IN THE LAST 24 HOURS?

3   A.    NO.

4   Q.    IS THERE ANYTHING AT ALL ABOUT YOUR MENTAL OR

5   PHYSICAL CONDITION HERE THIS MORNING WHICH WOULD MAKE IT

6   DIFFICULT FOR YOU TO UNDERSTAND THESE PROCEEDINGS, TO

7   THINK CLEARLY OR TO MAKE GOOD DECISIONS ABOUT YOUR CASE?

8   A.    NO.

9   Q.    AND, IN FACT, DO YOU UNDERSTAND WHAT'S HAPPENING

10   HERE TODAY?

11   A.    YES.

12           THE COURT:  MR. SPURRELL, DO YOU CONSIDER THE

13   DEFENDANT COMPETENT TO ENTER THIS GUILTY PLEA HERE TODAY?

14           MR. SPURRELL:  YES, YOUR HONOR.

15   Q.    MR. CHRISTOPHER, HAVE YOU RECEIVED A COPY OF THE

16   INDICTMENT RETURNED BY THE GRAND JURY?

17   A.    YES.

18   Q.    HAVE YOU READ THE INDICTMENT?

19   A.    YES.

20   Q.    HAVE YOU HAD SUFFICIENT TIME TO DISCUSS THIS CASE

21   WITH YOUR LAWYER?

22   A.    YES.

23   Q.    HAVE YOU TOLD YOUR LAWYER EVERYTHING YOU KNOW ABOUT

24   THIS CASE?

25   A.    YES.

1    Q.    DO YOU BELIEVE THAT YOUR LAWYER IS FULLY AWARE OF

2    ALL THE FACTS UPON WHICH THIS CHARGE IS BASED?

3    A.    YES.

4    Q.    HAS YOUR LAWYER EXPLAINED TO YOU THE NATURE AND

5    MEANING OF THE CHARGES AGAINST YOU?

6    A.    YES.

7    Q.    HAS YOUR ATTORNEY EXPLAINED TO YOU THE MEANING OF

8    ALL WORDS USED IN THIS INDICTMENT ABOUT WHICH YOU HAD ANY

9    QUESTION?  IN OTHER WORDS, IF THERE WERE WORDS USED IN

10   THIS INDICTMENT THAT YOU DID NOT UNDERSTAND, HAS

11   MR. SPURRELL EXPLAINED THEM TO YOU?

12   A.    YES.

13   Q.    HAS YOUR ATTORNEY ADVISED YOU AS TO EACH AND EVERY

14   ELEMENT OF THIS OFFENSE WHICH THE GOVERNMENT MUST PROVE

15   BEYOND A REASONABLE DOUBT IN ORDER TO OBTAIN A CONVICTION

16   AGAINST YOU IN THIS CASE?

17   A.    YES.

18   Q.    NOW, MR. CHRISTOPHER, AS I INDICATED TO YOU, THE

19   INDICTMENT RETURNED BY THE GRAND JURY IS A 10 COUNT

20   INDICTMENT.  YOU'RE NOT CHARGED IN ALL COUNTS OF THAT

21   INDICTMENT, BUT THE RELEVANT COUNT OF THAT INDICTMENT FOR

22   OUR PURPOSES HERE TODAY IS COUNT ONE OF THAT INDICTMENT.

23            COUNT ONE OF THAT INDICTMENT READS AS FOLLOWS:

24   THE GRAND JURY CHARGES THAT FROM IN OR ABOUT JANUARY 2013

25   AND CONTINUING TO ON OR ABOUT JANUARY 20, 2014, WITHIN THE

1    EASTERN DISTRICT OF TENNESSEE AND ELSEWHERE, THE

2    DEFENDANTS, STEVEN CHRISTOPHER, RAMON WILLIAMS, MAXWELL

3    SUERO AND CANDICE SOUTHERLAND, AND OTHER PERSONS KNOWN AND

4    UNKNOWN TO THE GRAND JURY, DID KNOWINGLY, INTENTIONALLY

5    AND WITHOUT AUTHORITY COMBINE, CONSPIRE, CONFEDERATE AND

6    AGREE WITH EACH OTHER AND WITH DIVERSE OTHER PERSONS TO

7    COMMIT THE FOLLOWING OFFENSES AGAINST THE UNITED STATES:

8    DISTRIBUTION OF 280 GRAMS OR MORE OF A MIXTURE AND

9    SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF COCAINE BASE,

10   CRACK, A SCHEDULE II CONTROLLED SUBSTANCE, IN VIOLATION OF

11   TITLE 21, UNITED STATES CODE, SECTION 841(A)(1), ALL IN

12   VIOLATION OF TITLE 21, UNITED STATES CODE, SECTIONS 846

13   AND 841.

14           DO YOU UNDERSTAND THAT THAT'S WHAT YOU'RE

15   CHARGED WITH IN COUNT ONE OF THE INDICTMENT?

16   A.    YES.

17   Q.    AND DO YOU UNDERSTAND THAT BEFORE YOU COULD, EXCUSE

18   ME, BE CONVICTED AS CHARGED IN COUNT ONE OF THIS INDICT-

19   MENT, THAT IS WITH A CONSPIRACY TO DISTRIBUTE 280 GRAMS OR

20   MORE OF COCAINE BASE, THE UNITED STATES WOULD BE REQUIRED

21   TO PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASON-

22   ABLE DOUBT:  FIRST, THAT TWO OR MORE PERSONS, DIRECTLY OR

23   INDIRECTLY, REACHED AN AGREEMENT TO DISTRIBUTE COCAINE

24   BASE AS CHARGED IN THE INDICTMENT; SECOND, THAT YOU KNEW

25   OF THE UNLAWFUL PURPOSE OF THAT AGREEMENT; THIRD, THAT YOU

1   JOINED IN THE AGREEMENT WILLFULLY, THAT IS WITH THE INTENT

2   TO FURTHER ITS UNLAWFUL PURPOSE; AND, FOURTH, THAT THE

3   OVERALL SCOPE OF THE CONSPIRACY INVOLVED 280 GRAMS OR MORE

4   OF COCAINE BASE, DO YOU UNDERSTAND THE GOVERNMENT WOULD

5   HAVE TO PROVE ALL THOSE ELEMENTS BEYOND A REASONABLE DOUBT

6   BEFORE YOU COULD BE CONVICTED OF THIS OFFENSE?

7   A.    YES.

8   Q.    HAVE YOU AND YOUR ATTORNEY DISCUSSED ANY POSSIBLE

9   DEFENSES YOU MIGHT HAVE TO THIS CHARGE?

10  A.    YES.

11  Q.    NOW, MR. CHRISTOPHER, HAVE YOU READ THE PLEA

12  AGREEMENT THAT'S BEEN FILED IN THIS CASE?

13  A.    YES.

14  Q.    AND HAS YOUR ATTORNEY EXPLAINED TO YOU ALL THE TERMS

15  AND CONDITIONS OF THE PLEA AGREEMENT YOU'VE ENTERED

16  INTO?

17  A.    YES.

18  Q.    DO YOU FULLY UNDERSTAND ALL THE TERMS AND CONDITIONS

19  OF THIS PLEA AGREEMENT YOU'VE MADE WITH THE GOVERNMENT?

20  A.    YES.

21  Q.    AND IS THIS YOUR SIGNATURE ON THIS PLEA AGREEMENT

22  THAT'S BEEN FILED WITH THE COURT AS DOCUMENT 30 IN THIS

23  CASE?

24  A.    YES.  I SIGNED IT.  YES.

25  Q.    ALL RIGHT.  ARE YOU SATISFIED WITH YOUR LAWYER'S

1  REPRESENTATION OF YOU IN THIS CASE?

2  A.    YES.

3          THE COURT:  MR. SPURRELL, ARE YOU SATISFIED

4  THAT MR. CHRISTOPHER UNDERSTANDS THE CHARGE, THE ELEMENTS

5  OF THE OFFENSE CHARGED AND THE LEGAL MEANING OF ALL WORDS

6  USED IN THIS INDICTMENT?

7          MR. SPURRELL:  YES, YOUR HONOR.

8  Q.   NOW, MR. CHRISTOPHER, BY PLEADING GUILTY HERE TODAY

9  YOU WILL GIVE UP CERTAIN RIGHTS THAT YOU WOULD OTHERWISE

10  HAVE HAD IN THIS CRIMINAL CASE.  I'M GOING TO ASK YOU

11  SEVERAL QUESTIONS TO MAKE SURE THAT YOU UNDERSTAND WHAT

12  YOU ARE GIVING UP BY PLEADING GUILTY IN THIS CASE.  FIRST

13  OF ALL, DO YOU UNDERSTAND THAT YOU HAVE A RIGHT TO PLEAD

14  NOT GUILTY TO ANY OFFENSE CHARGED AGAINST YOU AND TO

15  PERSIST IN YOUR NOT GUILTY PLEA?

16  A.    YES.

17  Q.   DO YOU UNDERSTAND THAT YOU WOULD THEN HAVE THE RIGHT

18  TO A TRIAL BY JURY?

19  A.    YES.

20  Q.   DO YOU UNDERSTAND THAT DURING THAT JURY TRIAL YOU

21  WOULD HAVE THE RIGHT TO THE ASSISTANCE OF COUNSEL FOR YOUR

22  DEFENSE, COUNSEL APPOINTED BY THE COURT AND PAID FOR BY

23  THE GOVERNMENT IF YOU COULD NOT AFFORD TO HIRE YOUR OWN

24  ATTORNEY?

25  A.    YES.

1   Q.    DO YOU UNDERSTAND THAT DURING THAT JURY TRIAL YOU

2   WOULD HAVE A RIGHT TO SEE AND HEAR THE GOVERNMENT'S

3   WITNESSES AGAINST YOU AND HAVE THOSE WITNESSES CROSS

4   EXAMINED BY YOUR ATTORNEY IN YOUR DEFENSE?

5   A.    YES.

6   Q.    DO YOU UNDERSTAND THAT YOU WOULD HAVE THE RIGHT ON

7   YOUR OWN PART NOT TO TESTIFY AT TRIAL UNLESS YOU CHOSE TO

8   DO SO IN YOUR OWN DEFENSE?

9   A.    YES.

10  Q.    DO YOU UNDERSTAND THAT YOU WOULD HAVE THE RIGHT TO

11  THE ISSUANCE OF SUBPOENAS TO COMPEL THE ATTENDANCE OF

12  WITNESSES, EVEN UNWILLING WITNESSES, TO APPEAR AND TESTIFY

13  ON YOUR BEHALF AT TRIAL?

14  A.    YES.

15  Q.    AND, VERY IMPORTANTLY, MR. CHRISTOPHER, DO YOU

16  UNDERSTAND THAT BY ENTERING A PLEA OF GUILTY HERE THIS

17  MORNING, IF THE PLEA IS ACCEPTED BY THE COURT, THERE WILL

18  BE NO TRIAL IN YOUR CASE?

19  A.    YES.

20  Q.    AND DO YOU UNDERSTAND THAT BY PLEADING GUILTY HERE

21  TODAY, YOU WILL GIVE UP YOUR RIGHT TO A TRIAL OF ANY KIND,

22  AS WELL AS ALL THESE OTHER RIGHTS ASSOCIATED WITH A TRIAL

23  THAT I HAVE JUST DESCRIBED TO YOU?

24  A.    YES.

25  Q.    DO YOU ALSO UNDERSTAND THAT YOU WILL BE GIVING UP

1  YOUR RIGHT NOT TO BE COMPELLED TO INCRIMINATE YOURSELF IN

2  THE CASE?

3  A.    YES.

4  Q.    AND DO YOU UNDERSTAND THAT YOU WILL BE GIVING UP THE

5  RIGHT TO REQUIRE THE UNITED STATES TO PROVE YOU GUILTY

6  BEYOND A REASONABLE DOUBT?

7  A.    YES.

8  Q.    MR. CHRISTOPHER, HAS ANY PERSON, INCLUDING AN

9  OFFICER OR AGENT OF THE GOVERNMENT, PUT ANY PRESSURE ON

10  YOU MENTALLY OR PHYSICALLY TO FORCE YOU TO PLEAD GUILTY IN

11  THIS CASE?

12  A.    NO.

13  Q.    NOW, I AM AWARE THAT THE GOVERNMENT HAS MADE CERTAIN

14  PROMISES TO YOU IN THIS PLEA AGREEMENT, BUT ASIDE FROM THE

15  PROMISES CONTAINED IN THE PLEA AGREEMENT HAS ANY OFFICER

16  OR AGENT OF THE GOVERNMENT PROMISED YOU OR SUGGESTED TO

17  YOU THAT YOU WILL RECEIVE A LIGHTER SENTENCE OR ANY OTHER

18  FORM OF LENIENCY IF YOU PLEAD GUILTY?

19  A.    NO.

20  Q.    ONCE AGAIN, ASIDE FROM ANY PROMISE CONTAINED IN THIS

21  PLEA AGREEMENT, HAVE ANY PROMISES OR THREATS OF ANY KIND

22  BEEN MADE BY ANYONE TO INDUCE YOU TO PLEAD GUILTY IN THIS

23  CASE?

24  A.    NO.

25  Q.    MR. CHRISTOPHER, I WILL NOW STATE FOR THE RECORD

1  THAT THE COURT WILL REVIEW THE PLEA AGREEMENT IN THIS

2  CASE.  I ADVISE BOTH YOU AND COUNSEL THAT I AM NOT

3  REQUIRED TO ACCEPT THIS PLEA AGREEMENT AND THAT I WILL

4  DEFER MY DECISION ON WHETHER OR NOT TO ACCEPT OR REJECT

5  YOUR PLEA AGREEMENT UNTIL AFTER I HAVE RECEIVED A

6  PRESENTENCE REPORT FROM THE UNITED STATES PROBATION

7  OFFICE; HOWEVER, IF I DO REJECT THIS PLEA AGREEMENT, YOU

8  WILL BE SO ADVISED HERE IN OPEN COURT AND YOU WILL BE

9  PERMITTED TO WITHDRAW YOUR GUILTY PLEA; DO YOU UNDERSTAND

10 THAT?

11 A.    YES.

12        THE COURT:  MR. SPURRELL, DOES THE DEFENDANT

13 WAIVE ANY FURTHER FORMAL READING OF THE INDICTMENT?

14        MR. SPURRELL:  YES, YOUR HONOR.

15 Q.    NOW, BEFORE I CAN ACCEPT YOUR GUILTY PLEA,

16 MR. CHRISTOPHER, I MUST DETERMINE THAT THERE IS WHAT'S

17 CALLED AN ADEQUATE FACTUAL BASIS FOR THE GUILTY PLEA.  IN

18 OTHER WORDS, I NEED TO DETERMINE THAT THERE ARE SUFFICIENT

19 FACTS ADMITTED TO YOU -- OR ADMITTED BY YOU TO ESTABLISH

20 YOUR GUILT IN THE CASE; DO YOU UNDERSTAND THAT?

21 A.    YES.

22 Q.    NOW, IT APPEARS THAT YOU HAVE ENTERED INTO A

23 STIPULATION IN THIS CASE.  THAT STIPULATION OF FACTS IS

24 CONTAINED IN PARAGRAPH 4 OF YOUR PLEA AGREEMENT.  IT IS

25 INCLUDED IN THIS PLEA AGREEMENT FOR THE PURPOSE OF

1    ESTABLISHING THE REQUIRED FACTUAL BASIS FOR THE GUILTY

2    PLEA.  MR. CHRISTOPHER, DID YOU READ PARAGRAPH 4 OF YOUR

3    PLEA AGREEMENT CAREFULLY?

4    A.    YES.  I READ THE WHOLE THING.

5    Q.    I'M SORRY?

6    A.    I READ THE WHOLE THING.

7    Q.    ALL RIGHT, SIR.  AND DID YOU REVIEW THIS STIPULATION

8    OF FACTS THAT'S CONTAINED IN PARAGRAPH 4 OF YOUR PLEA

9    AGREEMENT CAREFULLY WITH YOUR ATTORNEY?

10   A.    YES.

11   Q.    DO YOU AGREE WITH THE SUMMARY OF WHAT YOU DID IN

12   THIS CASE THAT'S SET OUT IN PARAGRAPH 4 OF THIS PLEA

13   AGREEMENT?

14   A.    YES.

15   Q.    ARE ALL OF THE FACTS CONTAINED IN PARAGRAPH 4 OF

16   YOUR PLEA AGREEMENT TRUE?

17   A.    LET ME SEE THAT.

18         YES.

19   Q.    ALL RIGHT.  AND DO YOU STIPULATE HERE THIS MORNING

20   UNDER OATH THAT THE FACTS CONTAINED IN PARAGRAPH 4 OF YOUR

21   PLEA AGREEMENT ARE TRUE AND CORRECT?

22   A.    YES.

23   Q.    NOW, MR. CHRISTOPHER, I ALSO NOTE THAT PARAGRAPH 4

24   OF YOUR PLEA AGREEMENT CONTAINS SOME LANGUAGE THAT I WANT

25   TO CALL TO YOUR ATTENTION.  IN PARAGRAPH 4 OF THE PLEA

1  AGREEMENT THERE IS A PROVISION THAT THESE STIPULATED FACTS

2  DO NOT NECESSARILY CONSTITUTE ALL OF THE FACTS IN THIS

3  CASE; DO YOU UNDERSTAND THAT?

4  A.     UH-HUH; YES.

5  Q.     AND DO YOU UNDERSTAND THAT THERE MAY BE OTHER FACTS

6  RELEVANT TO SENTENCING WHICH THE COURT WILL CONSIDER AT

7  THE TIME OF YOUR SENTENCING IN THE CASE?

8  A.     YES.

9  Q.     ALL RIGHT.  MR. CHRISTOPHER, HOW DO YOU PLEAD THEN

10 AS TO COUNT 1 OF THIS INDICTMENT, WHICH CHARGES YOU WITH A

11 CONSPIRACY TO DISTRIBUTE 280 GRAMS OR MORE OF A MIXTURE

12 AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF COCAINE

13 BASE, CRACK, A SCHEDULE II CONTROLLED SUBSTANCE, IN

14 VIOLATION OF TITLE 21, UNITED STATES CODE, SECTIONS 846,

15 841(A)(1) AND 841(B)(1)(B), DO YOU PLEAD GUILTY OR NOT

16 GUILTY?

17 A.     GUILTY.

18 Q.     AND DO YOU UNDERSTAND WHAT IT IS YOU'RE PLEADING

19 GUILTY TO?

20 A.     YES, SIR.

21 Q.     AND ARE YOU OFFERING TO PLEAD GUILTY BECAUSE YOU ARE

22 IN FACT GUILTY?

23 A.     YES.

24        THE COURT:  ALL RIGHT, MR. BOWMAN, WOULD THE

25 GOVERNMENT PLEASE ADVISE THE DEFENDANT AS TO THE MAXIMUM

1  POSSIBLE PENALTY PROVIDED BY THE LAW FOR THIS OFFENSE, AS

2  WELL AS ANY MANDATORY MINIMUM SENTENCE HE FACES.

3          MR. BOWMAN:  YES, YOUR HONOR.

4          THE DEFENDANT FACES A MINIMUM MANDATORY 10

5  YEARS UP TO LIFE IMPRISONMENT, A FINE OF -- WELL, IT SAYS

6  $10,000, YOUR HONOR, IT'S OBVIOUSLY A TYPO, IT SHOULD BE

7  $10 MILLION, A PERIOD OF SUPERVISED RELEASE OF AT LEAST 5

8  YEARS UP TO LIFE AND A $100 SPECIAL ASSESSMENT FEE.

9          YOUR HONOR, THE PLEA AGREEMENT NOTES THE

10  ENHANCED PENALTY AS WELL, HOWEVER, THE UNITED STATES HAS

11  NOT FILED AN 851 NOTICE AND WILL NOT BE DOING SO.

12          THE COURT:  ALL RIGHT.

13          IS THAT PART OF YOUR AGREEMENT WITH

14  MR. CHRISTOPHER, THAT YOU WILL NOT FILE SUCH A --

15          MR. BOWMAN:  THERE IS NOT AN EXPLICIT

16  AGREEMENT, YOUR HONOR.  OF COURSE, IF THE PLEA IS, GOES

17  FORWARD AS ENTERED TODAY, WE WILL NOT BE ABLE TO ENTER

18  THAT 851 NOTICE AFTER THAT ANYWAY; BUT THAT IS OUR CURRENT

19  INTENT, YOUR HONOR.

20          THE COURT:  ALL RIGHT.

21  Q.   ALL RIGHT.  MR. CHRISTOPHER, DO YOU UNDERSTAND THAT

22  THAT IS THE MAXIMUM SENTENCE THE COURT CAN IMPOSE IN THIS

23  CASE?

24  A.   YES.

25  Q.   AND DO YOU ALSO UNDERSTAND THAT UNDER FEDERAL LAW

1  THE COURT WILL BE REQUIRED TO IMPOSE A MINIMUM MANDATORY

2  SENTENCE OF AT LEAST 10 YEARS OF IMPRISONMENT IN THE

3  CASE?

4  A.    YES.

5  Q.    AND DO YOU UNDERSTAND THAT ABSENT A GOVERNMENT

6  MOTION FOR DOWNWARD DEPARTURE OR SOME OTHER VERY

7  EXTRAORDINARY CIRCUMSTANCE, THIS COURT WILL HAVE NO

8  DISCRETION TO IMPOSE ANY SENTENCE LESS THAN THE 10 YEAR

9  MANDATORY MINIMUM SENTENCE SET BY STATUTE?

10  A.    YES.

11  Q.    DO YOU ALSO UNDERSTAND THAT THERE IS A MINIMUM

12  MANDATORY TERM OF SUPERVISED RELEASE OF AT LEAST 5 YEARS

13  WHICH MUST BE IMPOSED BY THE COURT TO FOLLOW YOUR TERM OF

14  IMPRISONMENT?

15  A.    YES.

16  Q.    DO YOU ALSO UNDERSTAND THAT IN APPROPRIATE CASES THE

17  COURT MUST ORDER RESTITUTION AND THAT CERTAIN OF YOUR

18  PROPERTY MAY BE SUBJECT TO FORFEITURE BECAUSE OF YOUR

19  GUILTY PLEA?

20  A.    YES.

21  Q.    MR. CHRISTOPHER, IF YOUR PLEA IS ACCEPTED, YOU WILL

22  BE ADJUDGED GUILTY OF A FELONY.  THIS WILL CAUSE YOU TO

23  LOSE CERTAIN VALUABLE CIVIL RIGHTS; SUCH AS, THE RIGHT TO

24  VOTE, THE RIGHT TO HOLD PUBLIC OFFICE, THE RIGHT TO SERVE

25  ON A JURY AND THE RIGHT TO POSSESS ANY KIND OF FIREARMS OR

1   AMMUNITION.  KNOWING THOSE ADDITIONAL PENALTIES, DO YOU

2   STILL WANT TO PLEAD GUILTY HERE TODAY?

3   A.   YES.

4           THE COURT:  MR. BOWMAN, HAS MR. MAY -- EXCUSE

5   ME, MR. CHRISTOPHER WAIVED ANY APPEAL RIGHTS OR RIGHTS TO

6   FILE A SECTION 2255 MOTION IN THIS PLEA AGREEMENT?

7           MR. BOWMAN:  YOUR HONOR, HE HAS, AND THAT

8   WAIVER IS CONTAINED IN PARAGRAPH 10 OF THE PLEA AGREEMENT.

9           THE DEFENDANT HAS AGREED NOT TO FILE A DIRECT

10  APPEAL OF HIS CONVICTION OR SENTENCE, EXCEPT THAT HE'S

11  RETAINED THE RIGHT TO APPEAL A SENTENCE IMPOSED ABOVE THE

12  SENTENCING GUIDELINE RANGE DETERMINED BY THIS COURT OR

13  ABOVE ANY MANDATORY MINIMUM SENTENCE DEEMED APPLICABLE,

14  WHICHEVER IS THE GREATER.

15          HE'S ALSO WAIVED THE RIGHT TO FILE ANY MOTION

16  OR PLEADING PURSUANT TO 28 U.S.C. SECTION 2255 OR

17  COLLATERALLY ATTACK HIS CONVICTION OR RESULTING SENTENCE

18  EXCEPT FOR CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL OR

19  PROSECUTORIAL MISCONDUCT.

20          THE COURT:  THANK YOU, MR. BOWMAN.

21  Q.   MR. CHRISTOPHER, DO YOU UNDERSTAND THAT UNDER YOUR

22  PLEA AGREEMENT WITH THE GOVERNMENT YOU HAVE EXPRESSLY

23  WAIVED RIGHTS TO APPEAL OR TO COLLATERALLY ATTACK YOUR

24  CONVICTION OR THE RESULTING SENTENCE IN THIS CASE AS JUST

25  STATED BY THE UNITED STATES ATTORNEY AND AS SET OUT IN

1     PARAGRAPH 10 OF THIS PLEA AGREEMENT?

2     A.     YES.

3     Q.     DID YOU READ PARAGRAPH 10 OF THE PLEA AGREEMENT

4     CAREFULLY?

5     A.     YES.

6     Q.     DID YOU REVIEW THE PROVISIONS OF PARAGRAPH 10 OF

7     THIS PLEA AGREEMENT CAREFULLY WITH YOUR ATTORNEY?

8     A.     YES.

9     Q.     HAVE YOU AND YOUR ATTORNEY FULLY DISCUSSED THESE

10     WAIVERS OF YOUR RIGHTS TO APPEAL AND YOUR RIGHT TO

11     COLLATERALLY ATTACK YOUR CONVICTION OR THE RESULTING

12     SENTENCE IN THE CASE?

13     A.     YES.

14     Q.     MR. CHRISTOPHER, UNDER THE SENTENCING REFORM ACT OF

15     1984, THE UNITED STATES SENTENCING COMMISSION HAS ISSUED

16     SENTENCING GUIDELINES FOR JUDGES TO CONSIDER IN DETERMIN-

17     ING SENTENCES IN CRIMINAL CASES. THE USE OF THESE

18     SENTENCING GUIDELINES IS NO LONGER MANDATORY, THEY ARE

19     ADVISORY ONLY; HOWEVER, YOUR ADVISORY GUIDELINE SENTENCING

20     RANGE IS ONE FACTOR WHICH THE COURT MUST CONSIDER IN

21     DETERMINING AN APPROPRIATE SENTENCE IN YOUR CASE. HAVE

22     YOU AND YOUR ATTORNEY TALKED ABOUT HOW THESE ADVISORY

23     GUIDELINES MIGHT APPLY TO YOUR CASE?

24     A.     WOULD YOU REPEAT THAT AGAIN, SIR?

25     Q.     HAVE YOU AND YOUR ATTORNEY TALKED ABOUT HOW THESE

1    ADVISORY GUIDELINES MIGHT APPLY IN YOUR CASE?

2    A.    YES.

3    Q.    DO YOU UNDERSTAND THAT THE COURT CANNOT DETERMINE

4    THE ADVISORY GUIDELINE SENTENCING RANGE WHICH APPLIES TO

5    YOUR CASE AND, THEREFORE, DETERMINE AN APPROPRIATE

6    SENTENCE IN THE CASE UNTIL AFTER A PRESENTENCE REPORT HAS

7    BEEN COMPLETED BY THE UNITED STATES PROBATION OFFICE AND

8    BOTH YOU AND THE GOVERNMENT HAVE HAD AN OPPORTUNITY TO

9    OBJECT TO ANY OF THE CONTENTS OF THE PRESENTENCE REPORT?

10   A.    YES.

11   Q.    NOW, UNDER FEDERAL LAW, MR. CHRISTOPHER, THERE ARE A

12   NUMBER OF OTHER FACTORS THE COURT MUST CONSIDER IN ADDI-

13   TION TO YOUR ADVISORY GUIDELINE SENTENCING RANGE BEFORE

14   DECIDING ON AN APPROPRIATE SENTENCE.    THESE OTHER FACTORS

15   ARE LISTED AT TITLE 18, UNITED STATES CODE, SECTION

16   3553(A), AND THEY INCLUDE:    THE NATURE AND CIRCUMSTANCES

17   OF THE OFFENSE; YOUR HISTORY AND CHARACTERISTICS; THE NEED

18   FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE

19   OFFENSE; TO PROMOTE RESPECT FOR THE LAW; TO PROVIDE JUST

20   PUNISHMENT FOR THE OFFENSE; TO AFFORD ADEQUATE DETERRENCE

21   TO CRIMINAL CONDUCT; TO PROTECT THE PUBLIC FROM FURTHER

22   CRIMES YOU MIGHT COMMIT; TO PROVIDE YOU WITH NEEDED

23   EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE OR OTHER

24   CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER; THE

25   KINDS OF SENTENCES AVAILABLE; ANY PERTINENT POLICY

1  STATEMENT ISSUED BY THE COMMISSION; THE NEED TO AVOID

2  UNWARRANTED SENTENCE DISPARITIES AMONG DEFENDANTS WITH

3  SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR

4  CONDUCT; AND THE NEED, IF ANY, TO PROVIDE RESTITUTION TO

5  ANY VICTIMS OF THE OFFENSE.  DO YOU UNDERSTAND THAT THIS

6  COURT WILL CONSIDER ALL OF THESE STATUTORY FACTORS, ALONG

7  WITH YOUR ADVISORY GUIDELINES RANGE BEFORE DECIDING ON AN

8  APPROPRIATE SENTENCE IN YOUR CASE?

9  A.    YES, SIR.

10  Q.    DO YOU ALSO UNDERSTAND THAT EVEN AFTER IT'S BEEN

11  DETERMINED WHAT ADVISORY GUIDELINE SENTENCING RANGE

12  APPLIES TO YOUR CASE, THE COURT HAS THE AUTHORITY TO

13  IMPOSE A SENTENCE THAT MAY BE MORE SEVERE THAN THE

14  SENTENCE CALLED FOR IN THE GUIDELINES?

15  A.    YES.

16  Q.    AND LET ME SAY THAT A LITTLE BIT DIFFERENTLY TO YOU,

17  MR. CHRISTOPHER.  AS YOU HAVE BEEN ADVISED HERE, THE

18  MANDATORY TERM OF IMPRISONMENT IN THE CASE IS 10 YEARS.

19  THE MAXIMUM TERM OF IMPRISONMENT IS LIFE, HOWEVER.  NOW,

20  DO YOU UNDERSTAND THAT REGARDLESS OF WHAT YOUR ADVISORY

21  GUIDELINE RANGE IN THIS CASE MIGHT BE, THIS COURT,

22  NEVERTHELESS, HAS THE AUTHORITY TO IMPOSE A SENTENCE OF UP

23  TO LIFE IMPRISONMENT IN THE CASE?

24  A.    YES.

25  Q.    AND UNDERSTANDING THAT THE COURT COULD IMPOSE THAT

1  SENTENCE, DO YOU STILL WANT TO PLEAD GUILTY HERE THIS

2  MORNING?

3  A.    YES.

4  Q.    DO YOU ALSO UNDERSTAND THAT UNDER CERTAIN CIRCUM-

5  STANCES YOU, SUBJECT, OF COURSE, TO THESE WAIVERS YOU HAVE

6  AGREED TO IN THIS PLEA AGREEMENT, OR THE GOVERNMENT MAY

7  HAVE THE RIGHT TO APPEAL ANY SENTENCE THAT IS ULTIMATELY

8  IMPOSED?

9  A.    YES.

10        THE COURT:  MR. SPURRELL, HAVE YOU MADE ANY

11  REPRESENTATION TO THE DEFENDANT AS TO WHAT SENTENCE THE

12  COURT MIGHT IMPOSE IN HIS CASE OTHER THAN TO ADVISE HIM AS

13  TO THE 10 YEAR MANDATORY MINIMUM SENTENCE REQUIRED BY THE

14  LAW AND TO GIVE HIM AN ESTIMATE AS TO HIS ADVISORY

15  GUIDELINES RANGE?

16        MR. SPURRELL:  NO, YOUR HONOR.

17  Q.    NOW, MR. CHRISTOPHER, WITH RESPECT TO ANY ESTIMATE

18  YOUR ATTORNEY MAY HAVE GIVEN YOU AS TO YOUR ADVISORY

19  GUIDELINES RANGE, DO YOU UNDERSTAND, FIRST OF ALL, THAT

20  THAT IS SIMPLY YOUR ATTORNEY'S ESTIMATE OF THAT RANGE?

21  A.    YES, SIR.  I'M TOTALLY IN THE DARK.

22  Q.    I'M SORRY?

23  A.    I'M TOTALLY IN THE DARK.

24  Q.    WELL, MR. SPURRELL TELLS ME HE HAS GIVEN YOU AN

25  ESTIMATE OF WHAT YOUR ADVISORY GUIDELINE RANGE IN THIS

1 CASE MIGHT BE. I'M SIMPLY ASKING IF YOU UNDERSTAND THAT'S

2 AN ESTIMATE ON HIS PART?

3 A.    YEAH, I UNDERSTAND THAT PART.

4 Q.    ALL RIGHT, AND, FURTHER, DO YOU UNDERSTAND THAT THIS

5 COURT IS NOT BOUND BY YOUR ATTORNEY'S ESTIMATE AS TO YOUR

6 ADVISORY GUIDELINES RANGE?

7 A.    UH-HUH; YES.

8 Q.    NOW, YOU TOLD ME THAT YOU'RE TOTALLY IN THE DARK,

9 TELL ME WHAT YOU MEANT BY THAT.

10 A.    AS FAR AS I WASN'T PROMISED ANYTHING.

11 Q.    SO YOU SIMPLY DON'T KNOW WHAT THE SENTENCE IS GOING

12 TO BE; RIGHT?

13 A.    I WON'T KNOW UNTIL I GUESS THE PSR COMES BACK.

14 Q.    AND EVEN THEN YOU UNDERSTAND THAT THE FINAL DECISION

15 IS MINE?

16 A.    YES, DEFINITELY.

17 Q.    AND I'LL MAKE THAT DECISION AFTER CONSIDERING THE

18 PRESENTENCE REPORT AND ANY OTHER INFORMATION THAT'S CALLED

19 TO MY ATTENTION BY EITHER THE GOVERNMENT OR BY YOUR

20 ATTORNEY; DO YOU UNDERSTAND THAT?

21 A.    YES, SIR.

22 Q.    NOW, THE COURTROOM IS EMPTY, MR. CHRISTOPHER, AND

23 THIS IS A SEALED PROCEEDING, BUT I NOTE HERE THAT YOU'VE

24 ALSO ENTERED INTO A PLEA AGREEMENT SUPPLEMENT WHICH

25 REQUIRES YOU TO COOPERATE FULLY WITH THE GOVERNMENT IN

1  THIS CASE.  YOU UNDERSTAND THAT IT WILL BE UP TO THE

2  GOVERNMENT TO DECIDE WHETHER OR NOT TO FILE ANY KIND OF

3  MOTION FOR DOWNWARD DEPARTURE AS A RESULT OF YOUR

4  COOPERATION?

5  A.    YES.

6  Q.    DO YOU UNDERSTAND THAT THEY'RE NOT REQUIRED TO DO

7  SO?

8  A.    YES.

9  Q.    ALL RIGHT, AND EVEN IF THEY WERE TO FILE THAT

10  MOTION, DO YOU UNDERSTAND THAT I DON'T HAVE TO GRANT IT?

11  A.    YES.

12  Q.    AND DO YOU UNDERSTAND THAT IF I DO GRANT IT, WHICH

13  IS LIKELY, THAT I WILL THEN DETERMINE THE EXTENT OF ANY

14  DEPARTURE?

15  A.    YES.

16  Q.    ALL RIGHT.  AND BECAUSE ALL OF THAT IS UP IN THE

17  AIR, YOU SIMPLY DON'T HAVE ANY IDEA WHAT YOUR ULTIMATE

18  SENTENCE WILL LIKELY BE, IS THAT WHAT YOU'RE TELLING ME?

19  A.    YES, BASICALLY; YES.

20       THE COURT:  OKAY.  ALL RIGHT.  THE COURT HAS

21  OBSERVED THE APPEARANCE OF THE DEFENDANT AND HIS

22  RESPONSIVENESS TO THE COURT'S QUESTIONS.  BASED UPON THESE

23  OBSERVATIONS AND HIS ANSWERS TO THE COURT'S QUESTIONS, THE

24  COURT FINDS THAT THE DEFENDANT IS IN FULL POSSESSION OF

25  HIS FACULTIES AND HE IS COMPETENT TO PLEAD GUILTY; THAT HE

1 IS NOT UNDER THE APPARENT INFLUENCE OF NARCOTICS, OTHER

2 DRUGS OR ALCOHOL; THAT HE KNOWINGLY WAIVES HIS CONSTITU-

3 TIONAL RIGHTS TO TRIAL AND THE OTHER RIGHTS ACCORDED TO

4 PERSONS ACCUSED OF A CRIME; THAT HE UNDERSTANDS THE NATURE

5 OF THE CHARGE TO WHICH THE PLEA IS OFFERED AND THE MAXIMUM

6 PENALTY PROVIDED BY LAW FOR THIS OFFENSE; AND THAT HE HAS

7 OFFERED TO PLEAD GUILTY KNOWINGLY AND VOLUNTARILY.

8 ACCORDINGLY, MR. CHRISTOPHER, YOUR PLEA OF GUILTY WILL BE

9 ACCEPTED, AND YOU ARE HEREBY ADJUDGED GUILTY OF COUNT 1 OF

10 THIS INDICTMENT WHICH CHARGES YOU WITH A CONSPIRACY TO

11 DISTRIBUTE 280 GRAMS OR MORE OF A MIXTURE AND SUBSTANCE

12 CONTAINING A DETECTABLE AMOUNT OF COCAINE BASE, CRACK, A

13 SCHEDULE II CONTROLLED SUBSTANCE, IN VIOLATION OF TITLE

14 21, UNITED STATES CODE, SECTIONS 846, 841(A)(1) AND

15 841(B)(1)(B).

16    COUNSEL, I UNDERSTAND MS. HOPSON HAS GIVEN YOU

17 THE DATE FOR SENTENCING AS JUNE 22 AT 9:00 AND THAT THAT'S

18 ACCEPTABLE TO YOU BOTH.

19    MR. SPURRELL:  DID YOU SAY JUNE 22?

20    THE COURT:  THAT'S WHAT MY --

21    MR. SPURRELL:  YOU KNOW WHAT, I THINK I PUT

22 JUNE 20 IN, JUDGE, SO LET ME FIX THAT; BUT THAT'S FINE.

23    THE COURT:  ALL RIGHT.

24    ALL RIGHT.  MR. CHRISTOPHER, I'M GOING TO

25 SCHEDULE YOUR SENTENCING HEARING IN THIS CASE FOR JUNE 22,

1    2015.  20TH IS PROBABLY ON A SATURDAY.

2              THE CLERK:  IT IS, 22, YOUR HONOR.

3              MR. SPURRELL:  KNOWING ME, I'D BE SITTING DOWN

4    HERE WONDERING WHY THE DOORS WEREN'T OPEN, JUDGE.

5              THE COURT:  JUNE 22, 2015 AT 9:00 A.M. HERE IN

6    THIS COURT.  I WILL ORDER THE PREPARATION OF THE

7    PRESENTENCE REPORT WE HAVE DISCUSSED.  A PROBATION OFFICER

8    WILL COME TO SEE YOU SHORTLY TO SCHEDULE AN INTERVIEW.

9              NOW, MR. CHRISTOPHER, IT APPEARS FROM THE

10   RECORD IN THIS CASE THAT YOU HAVE PREVIOUSLY BEEN ORDERED

11   DETAINED BY THE UNITED STATES MAGISTRATE JUDGE BASED UPON

12   YOUR WAIVER OF A DETENTION HEARING BEFORE THE MAGISTRATE

13   JUDGE.  IN ANY EVENT, YOU HAVE NOW BEEN CONVICTED OF AN

14   OFFENSE WHICH SUBJECTS YOU TO THE MANDATORY DETENTION

15   PROVISIONS OF TITLE 18, UNITED STATES CODE, SECTION

16   3143(A).  FOR THAT REASON I WILL ORDER YOUR CONTINUED

17   DETENTION IN THE CUSTODY OF THE UNITED STATES MARSHAL

18   PENDING FURTHER PROCEEDINGS IN THE CASE, AND YOU WILL BE

19   REMANDED TO THE MARSHAL'S CUSTODY.

20             ALL RIGHT.  THANK YOU ALL VERY MUCH.

21             MR. BOWMAN:  THANK YOU, YOUR HONOR.

22             THE COURT:  LET'S TAKE A VERY SHORT RECESS, AND

23   I'LL TAKE UP THE 11:00 MATTER.

24        (PROCEEDINGS ARE CONCLUDED AT 10:55 A.M.)

25

1    I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM

2    THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

3

4

     KAREN J. BRADLEY/S                        04/07/17
5    SIGNATURE OF COURT REPORTER               DATE

6              .

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25